# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

**Masai Andrews,**

       Plaintiff,

  v.                                                  21-cv-6764

**The City of Rochester, et al.,**

       Defendants.

---

**Joy Armstrong,**

       Plaintiff,

  v.                                                  21-cv-6717

**The City of Rochester, et al.,**

       Defendants.

---

**Amanda Flannery,**

       Plaintiff,

  v.                                                  22-cv-6062

**The City of Rochester, et al.,**

       Defendants.

---

**Tiara Grayson,**

       Plaintiff,

  v.                                                  21-cv-6719

**The City of Rochester, et al.,**

       Defendants.

**Christopher Hilderbrandt,**

        Plaintiff,

        v.                                                                             21-cv-6714

**The City of Rochester, et al.,**

        Defendants.

**Emily Lynch,**

        Plaintiff,

        v.                                                                             21-cv-6708

**The City of Rochester, et al.,**

        Defendants.

**Daniel Sorokti,**

        Plaintiff,

        v.                                                                             21-cv-6709

**The City of Rochester, et al.,**

        Defendants.

**Maranie Rae Staab,**

        Plaintiff,

        v.                                                                             22-cv-6063

**The City of Rochester, et al.,**

        Defendants.

**Stephanie Woodward**

        Plaintiff,

v.                                                                                          21-cv-6685

**The City of Rochester, et al.,**

        Defendants.

**Nicola Hushla**

        Plaintiff,

v.                                                                                          22-cv-6039

**The City of Rochester, et al.,**

        Defendants.

**PURSUANT TO** the order of the Hon. Frank P. Geraci, Jr., Senior District Judge, referring the above case to the undersigned for pretrial matters and the entry of a scheduling order under Fed. R. Civ. P. 16(b) and W.D.N.Y. Loc. R. Civ. P. 16, and the parties having agreed to the below deadlines in a conference held before the undersigned on December 4, 2024, and the undersigned having found good cause pursuant to Fed. R. Civ. P. 16(b)(4), the Court

    **ORDERS** that

    1.    **Mediation.** Mediation in these cases is complete.

    2.    **Settlement conference(s).** Although mediation is complete, the undersigned is available should the parties wish to conduct a settlement conference in the future.

3. **Mandatory disclosures.** The deadline for the parties' compliance with the mandatory initial disclosure requirements of Fed. R. Civ. P. 26 has passed in all the above cases.

4. **Motions to amend.** The parties shall file any motions to amend the pleadings or to add or join any parties no later than September 2, 2025. Any third party action(s) shall be commenced on or before September 2, 2025.

5. **Close of fact discovery.** The parties shall complete all fact discovery by December 1, 2025.

6. **Experts.** Plaintiff shall identify any expert witnesses and serve any expert reports no later than March 20, 2026. Defendant shall identify any expert witnesses and serve any expert reports no later than April 20, 2026. The parties shall complete all discovery relating to experts, including depositions, by May 22, 2026.

7. **Motions to compel.** The parties shall file any motions to compel discovery no later than December 1, 2025.

8. **Dispositive motions.** Dispositive motions, if any, shall be filed no later than July 10, 2026.

9. **Discovery disputes.** If a discovery dispute arises, the parties shall initially advise the Court of the dispute via letter (with copy to opposing counsel). Upon review of the letter, the Court will generally schedule a conference with the parties to attempt to settle the dispute informally. If the dispute is not resolved informally, the parties will have the opportunity to file a formal motion. This

informal discovery dispute process is not expedited motion practice. Therefore, letter submissions should provide a brief overview of the issue with supporting documentation and the parties' position. Parties do not waive arguments by failing to raise them in their letter submissions. If a dispute arises during the taking of a deposition that cannot be resolved by the parties, the parties are permitted to contact chambers via telephone from the location of the deposition.

    10.    **Extensions.** COUNSEL IS DIRECTED TO READ THIS PROVISION CAREFULLY.

        a.    When seeking an extension of **any deadline** in this scheduling order, the parties **must file a motion, or letter motion, before the deadline that shows good cause.** Absent truly exceptional circumstances, any motion for an extension should be made at least **one week** before the deadline to be extended.

        b.    **The Court will deny any extension request that fails to show diligence.** "[A] finding of good cause depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

        c.    **The Court may reject any extension request and require it to be refiled if it does not include specific new dates that fall on a business day.**

11. **Warning.** The undersigned may, on motion or *sua sponte*, impose sanctions where parties willfully ignore or otherwise fail to adhere to this scheduling order under Fed. R. Civ. P. 16(f).

**SO ORDERED.**

Dated: December 9, 2024
Rochester, NY

*/s/ Mark W. Pedersen*
MARK W. PEDERSEN
United States Magistrate Judge